UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

UNITED STATES OF AMERICA,                      :

        -v-                                          :

MUSTAFA KAMEL MUSTAFA,                         :   S2 04 Cr. 356 (JFK)
    a/k/a/ "Abu Hamza,"
    a/k/a  "Abu Hamza al-Masri,"                  :
    a/k/a  "Mustafa Kamel,"
    a/k/a  "Mostafa Kamel Mostafa,                 :

OUSSAMA ABDULLAH KASSIR,                       :
    a/k/a  "Abu Abdullah,"
    a/k/a  "Abu Khadija,"                         :

    and,                                         :

HAROON RASHID ASWAT,                           :
    a/k/a  "Haroon"
    a/k/a  "Haroon Aswat,"                       :

                          :
           DEFENDANTS.
--------------------------------------------------------------X

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT KASSIR'S
MOTION TO LIFT THE SPECIAL ADMINISTRATIVE
MEASURES THAT HAVE BEEN IMPOSED ON HIM**

       Defendant Oussama Abdullah Kassir submits this reply memorandum in further support

of his motion for an Order lifting the Special Administrative Measures ("SAM") that have been

imposed on him by Order of the Attorney General of the United States, and for such other and

further relief as the Court may deem just and proper.  In his motion, Mr. Kassir asserts that the

SAM imposed on him unconstitutionally impairs his First, Fifth, and Sixth Amendment right to

free speech, to due process, to equal protection, to effective assistance of counsel, to develop and

present a defense, and to conduct meaningful investigation.  Since the initial filing of the motion,

the Government has instituted a number of measures meant to liberalize the conditions of Mr. Kassir's incarceration. Specifically, the Government has provided Mr. Kassir with a laptop computer equipped with software apparently sufficient to review the computer discs that have been produced in discovery, has supplemented the meals he receives and has amended the SAM provisions concerning access to newspapers, radio and television. These measures, though certainly welcomed, are not sufficient to remedy the conditions that are making it difficult for Mr. Kassir to prepare his defense, exercise his constitutional rights, and maintain his mental well-being.

## ARGUMENT

### THIS COURT HAS JURISDICTION OVER THE DEFENDANT KASSIR'S MOTION TO LIFT THE CONDITIONS OF THE SAM

Contrary to the government's assertion, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), (the "PLRA") does not apply to the instant motion because a motion filed by a pre-trial detainee to lift SAMs restrictions is distinguishable from an "action" as defined by the PLRA. Therefore, Mr. Kassir is not required to exhaust administrative remedies prior to bringing the instant motion. *See e.g. U.S. v. Hashmi*, No. 06 Cr 442 (LAP), 2008 U.S. Dist. LEXIS 3801 (S.D.N.Y. Jan. 16, 2008); *see also, U.S. v. Ayala- Lopez*, 327 F. Supp. 2d 138, 327 F. Supp.2d 138 (D.P.R. 2004). In *Hashmi,* Judge Preska of this Court decided the precise issue of whether a pre-trial detainee's motion to lift SAM restrictions was governed by the PLRA. Judge Preska held that such a motion "is not an 'action' and that the Court can proceed to the defendant's constitutional challenge." *Hashmi*, 2008 U.S. Dist. LEXIS at *20.

Similar to the facts in the instant case, in *Hashmi*, the defendant was arrested and charged with, *inter alia*, conspiracy to provide material support to al Qaeda, substantive material support to al Qaeda, and conspiracy to make or receive a contribution of funds for the benefit of al

Qaeda. *Id.* at *2.  After being placed at the Metropolitan Correctional Center in New York, the Attorney General placed SAM restrictions upon the defendant. *Id.* at *3-4.  Defendant's attorney filed a motion to challenge the constitutionality of the SAMs.  *Id.* at *1.  In addressing the issue of subject matter jurisdiction, Judge Preska differentiated between the detainee's motion and an "action", as defined by the PLRA. *Id.* at *19-21  The Court noted that a "motion...is a written or oral application requesting a court to make a specified ruling or order." *Id.* at *21-22, n7.  In contrast, other courts have discussed "actions" in relation to the PLRA in the context of suits, lawsuits, or civil actions. *Porter v. Nussle*, 534 U.S. 516, 521 (2002) (indicating that Nussle commenced an action and filed <u>suit</u> days before the three-year statute of limitations ran out on the § 1983 claim) (emphasis added);  *U.S. v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004) (finding that "what Antonelli filed is not a <u>motion</u>...but in actuality a separate, unrelated <u>civil action</u>") (emphasis added); *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996) (stating that "Congress enacted the PLRA to curb the increasing number of <u>civil</u> lawsuits filed by prisoners")(emphasis added).

In *Hashmi*, Judge Preska explained the intent behind the PLRA:

> Congress's clear purpose in enacting the PLRA, as the Supreme Court has recognized, was to reduce the quantity of lawsuits related to prison conditions.  The initiation of a new lawsuit is certainly a more costly process than an application for a specific ruling or order brought to a court in the context of an already-pending action.  A new lawsuit requires, inter alia, the assignment of a Judge; the effectuation of service on the Government; a formal answer from the Defendant; the briefing of a motion to dismiss for a summary judgment, etc. This is a costly process.  A motion by a pretrial detainee, on the other hand, is relatively inexpensive. *Hashmi*, 2008 U.S. Dist. LEXIS 3081 at *21.

In recognition of Congress's intent, Judge Preska found that an "action" should be accorded its plain meaning of "a civil or criminal judicial proceeding", and thereby, distinguished between a pre-trial detainee's motion for relief from a SAM and an "action." within the meaning of the

PLRA. *Id.* at *21. Furthermore, although *Ayala-Lopez* did not address this threshold question, the *Ayala-Lopez* Court also distinguished between a "motion" and an "action". The *Ayala-Lopez* Court stated that filing a pre-trial motion is not the equivalent of initiating a proceeding which will terminate at judgment. A motion is circumscribed to a particular ruling, which is qualitatively different. *Ayala-Lopez*, 327 F. Supp. at 141.

In its opposition papers, the Government cites *U.S. v. Al-Marri*, 239 F. Supp. 2d 366 (S.D.N.Y. 2002), and *U.S. v. Abu Ali*, 396 F. Supp. 2d 703 (E.D. Va 2005), for the proposition that the PLRA is applicable and the PLRA's exhaustion requirement bars Mr. Kassir's motion. Judge Preska distinguished both cases in *Hashmi*. The *Hashmi* Court held that *Al-Marri* did not address the threshold question raised, i.e., whether a motion constitutes an action, and that *Abu Ali*[1] reached the constitutional question even though that court found that exhaustion was required. *Hashmi*, 2008 U.S. Dist. LEXIS 3801 at *23. Accordingly, *Al-Marri* and *Abu Ali*, do not stand for the proposition that Mr. Kassir, a pre-trial detainee, must exhaust his administrative remedies before filing the instant motion.

The Government also argues that Court should be constrained by *U.S. v. Antonelli*, 371 F.3d 360 (7th Cir. 2004) and consider the impact *In re Nagy*, 89 F.3d 115 (2d Cir. 1996) and *Porter v. Nussle*, 534, 534 U.S. 516 (2002). However, the facts in each of these cases are distinguishable from the facts before this Court. In *Antonelli*, the prisoner's criminal motion was appropriately seen as an attempt to commence a new civil suit rather than a motion related to his defunct criminal proceeding and, therefore, remanded. *Antonelli*, 371 F.3d at 361. Mr. Kassir is

---

[1] *See e.g. Bloomer v. Costello*, No. 5691 (GEL), 2001 U.S. Dist. LEXIS 490, *14-5 (S.D.N.Y. 2001) (holding that the Court was unwilling to overrule precedent even though the precedent was challenged by other circuits).

not bringing a new civil action under the guise of a criminal motion in a defunct criminal proceeding, but rather a timely motion in the context of his current criminal proceeding.[2]

Further, in *Nagy*, the Second Circuit discussed instances when the PLRA fee requirements must be met. In that case, the Court decided the narrow issue of whether the fee requirement of the PLRA applied to the an extraordinary writ of mandamus directed at a judge sitting in a criminal action. *Id.* at 116. The *Nagy* Court held that the PLRA applies to a "civil action" and that a writ of mandamus directed to a judge conducting a criminal trial is not governed by the PLRA. *Id.* at 117. Therefore, the holding in *Nagy* supports Mr. Kassir's assertion that this Court has jurisdiction to rule on the instant motion.

The facts in *Porter v. Nussle,* are also factually distinguishable from the instant motion. Although, the Supreme Court noted that the exhaustion requirement applies to all prisoners seeking redress for prison circumstances, in that case the prisoner had filed a complaint against the correctional officers, charging cruel and unusual punishment within the prison. *Porter,* 534 U.S. at 519. Importantly, the prisoner was a long-term inmate; not, as in the instant case, a pre-trial detainee. *Id.* at 520.

As demonstrated by the holdings in *Hashmi* and *Ayala-Lopez,* a pre-trial detainee's motion for relief from a SAM is not an "action" within the meaning of the PLRA, and therefore, the prisoner is not required to exhaust administrative remedies before bringing a motion to the District Court. Accordingly, this Court has jurisdiction to decide the instant motion.

---

[2] In its papers, the Government cites the *Antonelli* Court's emphasis on the fact that exhaustion is required under the PLRA and should not turn on questions of form. Opp. at 7. The Government misses the point. The *Antonelli* Court's finding was made in the context of deciphering a pro se litigant's papers. The Court noted that "when determining the character of a *pro se* filing, however, courts should look to the substance of the filings, rather than its labels." *Id.* at 371 F.3d at 361-62 (emphasis added).

**CONCLUSION**

For the reasons set forth above and in the papers previously filed herein, the Defendant, Oussama Abdullah Kassir, through his undersigned counsel, respectfully requests that this Court lift the Special Administrative Measures that have been imposed on him by the Attorney General of the United States, and for any other relief it deems just and proper.

Dated:  June 27, 2008

By: _____
Edgardo Ramos (ER-6846)
Day Pitney LLP
7 Times Square
New York, NY  10036
(212) 297-2452
Attorneys for Defendant
Oussama Abdullah Kassir